## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884

Attorneys for Defendant

| | |
|---|---|
| Marion Kiler, | |
| Plaintiff, | |
| - vs. – | DOCKET NO. 21-cv-633 (PKC) (RER) |
| Sayana, Inc., | **ANSWER** |
| Defendant. | |

Defendant Sayana, Inc., by and through its undersigned attorneys, answers the complaint of plaintiff Marion Kiler as follows:

### **INTRODUCTION**

1. This paragraph contains no allegations which need be admitted or denied. To the extent a response is required, defendant admits that plaintiff brings the action but denies its merits.

2. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

3. This paragraph contains no allegations which need be admitted or denied.

4. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph regarding

plaintiff's habits and therefore denies same. Defendant admits that plaintiff brings the suit but denies its merits. Defendant admits that it provides an app with that name available on the App store.

5. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. This paragraph contains no allegations which need be admitted or denied.

11. Defendant admits that this paragraph generally describes the App, but denies the legal arguments contained in this paragraph.

12. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations about plaintiff in this paragraph, and therefore denies same. Defendant denies the allegations regarding the inaccessibility of its App and violations of the ADA.

13. Defendant admits that plaintiff seeks the claimed relief, but denies plaintiff's entitlement to it, and denies plaintiff's allegations about defendant's App.

## **JURISDICTION AND VENUE**

14. Admitted that the court has subject matter jurisdiction over claims brought under the ADA, but denies that the court has diversity jurisdiction over this claim, both because defendant lacks knowledge of plaintiff's citizenship and

because the case does not meet the amount in controversy threshold.

15. Admitted.

16. Denied.

17. Other than the legal argument which need not be admitted or denied, the allegations of this paragraph are denied.

## PARTIES

18. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

19. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

20. Admitted that defendant is a Delaware corporation.  The remaining allegations of this paragraph are denied.

21. Denied.

22. Admitted that Sayana provides an App to the public for users to track their feelings.  The remaining allegations of this paragraph are denied.

## NATURE OF THE CASE

23. Admitted.

24. Denied.

25. Denied.

26. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore

denies same, except that defendant denies that its App contains access barriers.

27. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

28. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same, except that defendant denies that its App has violations.

29. Denied.

30. Denied.

31. Denied.

32. This paragraph contains argument that need not be admitted or denied. To the extent that a response is required, defendant denies that the WCAG guidelines are required by any law or regulation.

33. Admitted that this accurately, if incompletely, quotes the referred to statute.

34. Defendant admits that plaintiff seeks the requested relief, but denies plaintiff's entitlement to it.

## FACTUAL ALLEGATIONS

35. Admitted that defendant operates the App. Denied that it does so in New York State.

36. Admitted.

37. Admitted.

38. Denied.

39. Denied.

40. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

41. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

42. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same, except that defendant denies that its app was inaccessible.

43. Denied.

41. [Repeated] Denied.

44. Denied, and denied that Sayana is a "shopping App."

45. Denied, and specifically denied that meeting the WCAG 2.1 guidelines is legally required.

46. Denied, and specifically denied that meeting the WCAG 2.1 guidelines is legally required.

47. Denied.

48. Denied.

49. Denied.

50. This paragraph contains argument that need not be admitted or denied. To the extent a response is required, defendant expressly denies that it sells products in an online store.

51. Denied.

52. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

53. Denied.

54. Denied.

55. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**FIRST CAUSE OF ACTION**
**(Violation of 42 U.S.C. §§ 12181 *et seq*. – Title III of the ADA)**

61. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-60 as if fully set forth herein.

62. Admitted.

63. Denied.

64. Denied.

65. Admitted that this is generally an accurate summary of the law.

66. Admitted that this is generally an accurate summary of the law.

67. Admitted that this accurately, if incompletely, quotes the referred to statute.

68. Admitted that this accurately, if incompletely, quotes the referred to statute.

69. Admitted that guidelines exist; denied that they are required. The remaining allegations of this paragraph are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied, except that defendant admits that plaintiff seeks such relief.

75. Denied.

76. Admitted that plaintiff requests the specified relief; denied that plaintiff is entitled to it.

### SECOND CAUSE OF ACTION
**(Violation of New York State Human Rights Law
NY Exec Law Article 15 (Executive Law § 292 *et seq.*))**

77. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-77 as if fully set forth herein.

78. Admitted that the cited statute contains the quoted language

79. Denied.

80. Denied.

81. Denied.

82. Admitted that this accurately, if incompletely, quotes the referred to statute.

83. Admitted that this accurately, if incompletely, quotes the referred to statute.

84. Admitted that guidelines exist; denied that they are required. The remaining allegations of this paragraph are denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Admitted that plaintiff requests the specified relief; denied that plaintiff is entitled to it.

## THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Law NY CLS Civ R, Article 4 (CLS Civ R § 40 *et seq*.))

92. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-91 as if fully set forth herein.

93. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

94. Admitted that this accurately, if incompletely, quotes the referred to statute.

95. Admitted that this accurately, if incompletely, quotes the referred to statute.

96. Denied.

97. Denied.

98. Denied.

99. Admitted that guidelines exist; denied that they are required. The remaining allegations of this paragraph are denied.

100. Admitted that this accurately, if incompletely, quotes the referred to statute.

101. Admitted that this accurately, if incompletely, quotes the referred to statute.

102. Denied.

103. Denied.

104. Denied.

### FOURTH CAUSE OF ACTION
### (Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq.*)

105. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-104 as if fully set forth herein.

106. Admitted that this accurately, if incompletely, quotes the referred to statute.

107. Denied.

108. Denied.

109. Admitted that this accurately, if incompletely, quotes the referred to statute.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Admitted that plaintiff seeks the requested relief but denies her entitlement to it.

### FIFTH CAUSE OF ACTION
### (DECLARATORY RELIEF)

117. Defendant repeats, reiterates, and incorporates by reference its responses

to all allegations in all preceding paragraphs 1-116 as if fully set forth herein.

118. Admitted.

119. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to bring these claims.

2. Plaintiff's allegations fail to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. The court should not exercise supplemental jurisdiction over the non-federal claims in this suit.

5. The relief requested by plaintiff would not be readily achievable.

6. Plaintiff was not a bona fide customer of defendant.

7. Plaintiff is barred from recovery by reason of the fact that plaintiff has not sustained any damages whatsoever resulting from the actions or inactions of defendant.

8. Part or all of plaintiff's damages — if any — are the result of plaintiff's failure to mitigate damages.

9. Plaintiff is not entitled to statutory or punitive damages or fines.

10. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

Wherefore, defendant respectfully demands judgment against plaintiff dismissing all counts of the complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.

Dated: May 26, 2021

*/s/ David Stein*

_____
David Stein
SAMUEL & STEIN
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884

Attorneys for Defendant